# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| KENNETH LEE RANDOLPH, JR., | No. 4:18-CV-02231 |
|---|---|
| Petitioner, | (Judge Brann) |
| v. | |
| THERESA DELBASO, *et al.*, | |
| Respondents. | |

## MEMORANDUM OPINION

### MARCH 30, 2020

Petitioner Kenneth Lee Randolph, Jr., a state prisoner presently confined at the State Correctional Institution at Mahanoy in Frackville, Pennsylvania, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254,[1] challenging the legality of his sentence pursuant to *Alleyne v. United States*.[2] Respondents filed an answer raising as an affirmative defense the statute of limitations, arguing that the petition is untimely.[3] Petitioner filed no reply. For the reasons discussed below, the Court will dismiss the petition as time-barred under 28 U.S.C. § 2244(d).

## I.   BACKGROUND

On March 29, 2011, Petitioner pled guilty to involuntary manslaughter, prohibited possession of a firearm, carrying a firearm without a license, and reckless

---

[1]   ECF No. 1.
[2]   570 U.S. 99 (2013).
[3]   ECF No. 11.

1

endangerment in the Court of Common Pleas of Dauphin County.[4] Pursuant to a negotiated plea agreement, Petitioner was sentenced to seven and a half to fifteen years' imprisonment on May 10, 2011.[5] Petitioner did not directly appeal his conviction or sentence, and his time for doing so expired on June 9, 2011.[6] Petitioner did, however, file a *pro se* motion seeking modification of sentence on April 5, 2012.[7] The motion was denied as untimely pursuant to Pennsylvania Rule of Criminal Procedure 720(A)(1).[8]

On September 19, 2012, Petitioner filed a Post-Conviction Relief Act ("PCRA") petition.[9] On September 20, 2013, the PCRA court provided Petitioner notice of its intent to dismiss his PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 907.[10] It appears that the PCRA court never entered the dismissal order of the PCRA petition, as noted by the Pennsylvania Superior Court in a later opinion.[11]

Petitioner filed a second PCRA petition on January 19, 2018, which was dismissed as untimely on February 8, 2018.[12] The Pennsylvania Superior Court

---

[4] *Commonwealth v. Randolph*, 2018 WL 4907682, at *1 (Pa. Super. Ct. Oct. 10, 2018).
[5] *Id.*
[6] *Id.* at *3.
[7] *Id.* at *1.
[8] This rule provides that "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa. R. Crim. P. 720(A)(1).
[9] *Id.*
[10] *Id.*
[11] *Id.* at *2.
[12] *Id.* at *1.

2

affirmed the dismissal of Petitioner's second PCRA petition on October 18, 2018.[13] Specifically, the Superior Court noted that in Pennsylvania, a PCRA petition must be filed within one year from the date that the judgment of sentence becomes final, citing 42 Pa. C.S. § 9545(b)(1).[14] Because Petitioner's sentence became final on June 9, 2011, the Superior Court explained that for a PCRA petition to have been timely, Petitioner would have to have filed it by June 9, 2012.[15] A review of the Superior Court docket confirms that Petitioner did not appeal the Superior Court's affirmance of the dismissal of his second PCRA petition.

Petitioner filed the instant habeas petition on November 9, 2018.[16] The Court issued an order to show cause, and Respondent filed an answer raising, *inter alia*, the timeliness of the Petition.[17] Petitioner did not file a reply to the answer.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the applicable statute of limitations for Petitioner's habeas petition, and it provides, pertinent part:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-

---

[13] *Id.*

[14] *Id.* at *3.

[15] *Id.* at 3.
[16] ECF No. 1 at 15.
[17] ECF No. 11.

3

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.[18]

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the Supreme Court of the United States.[19]

Here, Petitioner did not file a direct appeal of his conviction and sentence, so his sentence became final thirty days later, *i.e.* on June 9, 2011. He did not file his first PCRA petition until after the expiration of the time for filing a direct appeal, and thus his federal habeas statute of limitations—like his PCRA statute of limitations—began to run the next day on June 10, 2011.[20] His time for filing a

---

[18] 28 U.S.C. § 2244(d). *See also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).
[19] *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012).
[20] *See* 28 U.S.C. § 2244(d)(1)(a).

petition for writ of habeas corpus pursuant to § 2254 thus expired on or about June 11, 2012.[21]

Well over a year after his conviction became final, Petitioner filed his first PCRA petition on September 19, 2012. Although this action would have ordinarily tolled his federal habeas statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), because that time period had already expired, the filing of the first PCRA petition has no effect on the timeliness of the instant petition.

Before concluding that the Petition is untimely, the Court must determine whether Petitioner would be entitled to an alternative starting point for the one-year limitations period pursuant to § 2244(d)(1)(C), because the *Alleyne* decision on which Petitioner relies was not issued until after Petitioner's time for filing a habeas petition expired pursuant to 2244(d)(1)(A). Under § 2244(d)(1)(C), the Petition may be timely if (1) it relies on a newly recognized constitutional right by the Supreme Court, (2) the Supreme Court has declared the newly recognized right is retroactively applicable to cases on collateral review, and (3) it is filed within one year from "from the date on which the right he asserts was initially recognized" by the Supreme Court even if is not made retroactive until later.[22]

---

[21] The Court notes that June 10, 2012, the calendar date on which the federal habeas statute of limitations would have expired occurred on a Sunday, and thus pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), Petitioner would have had until the next business day, Monday, June 11, 2012, to file any timely habeas petition.

[22] *See* 28 U.S.C. § 2244(d)(1)(C), *Dodd v. United States*, 545 U.S. 353, 357 (2005).

5

The United States Court of Appeals for the Third Circuit, however, has determined that *Alleyne* is not retroactive to cases on collateral appeal.[23] Because Petitioner cannot invoke the additional year of limitations that § 2244(d)(1)(C) would provide, the Petition is time-barred unless Petitioner can demonstrate extraordinary circumstances to justify equitable tolling of the limitations period.

In *Holland v. Florida*, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis.[24] A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[25]

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence.[26] "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well."[27] Reasonable

---

[23] *See United States v. Winkleman*, 746 F.3d 134, 136 (3d Cir. 2014) (*Alleyne* not retroactive because "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive") (quoting *Tyler v. Cain*, 533 U.S. 656, 663 (2001)); *see also United States v. Reyes*, 755 F.3d 212, 212 (3d Cir. 2014) ("[T]he rule of criminal procedure announced by the Supreme Court in *Alleyne* does not apply retroactively to cases on collateral review.").

[24] 560 U.S. 631, 649–50 (2010). *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013).

[25] *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). *See also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013).

[26] *Holland*, 560 U.S. at 653.

[27] *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted). *See also Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently

diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case.[28]

The Court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling.[29] Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."[30]

Indeed, extraordinary circumstances have been found only where (a) the respondent has actively misled the petitioner, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has

---

pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies").

[28] *See Ross*, 712 F.3d at 799; *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

[29] *Holland*, 560 U.S. at 651 (citations omitted). *See also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003).

[30] *LaCava*, 398 F.3d at 275–276. *See also Holland*, 560 U.S. at 648–49 (relying on *Pace*, 544 U.S. at 418); *Jenkins*, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

misled a party regarding the steps that the party needs to take to preserve a claim.[31] Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."[32]

Petitioner was put on notice regarding the untimeliness of his federal habeas petition by Respondent's answer. Petitioner had an opportunity to respond to the answer,[33] but has offered no explanation for the delay in bringing his federal habeas petition which would allow this Court to consider equitable tolling. Furthermore, the Court has reviewed Petitioner's filings and sees no circumstances which could potentially trigger equitable tolling. The Court will therefore dismiss the Petition without prejudice as untimely. Petitioner shall have thirty (30) days in which to present the Court with any argument he wishes to make regarding equitable tolling. Failure to do so will result in the Petition being dismissed with prejudice.

---

[31] *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).
[32] *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).
[33] *See* ECF No. 10 (providing opportunity for Petitioner to file a brief in reply).

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[34] "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[35]

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[36]

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. No certificate of appealability shall issue.

---

[34] 28 U.S.C. § 2253(c)(2).
[35] *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted), *cited in United States v. Williams*, 536 F. App'x 169, 171 (3d Cir. 2013).
[36] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV. CONCLUSION

For the reasons set forth above, this Court finds that the § 2254 habeas petition should be dismissed as untimely filed under 28 U.S.C. § 2244(d) with leave to plead over regarding the equitable tolling issue; a certificate of appealability shall not issue.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge