# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH LEE RANDOLPH, JR., | No. 4:18-CV-02231 |
| Petitioner, | (Judge Brann) |
| v. | |
| THERESA DELBASO, *et al.*, | |
| Respondents. | |

## MEMORANDUM OPINION

### MAY 29, 2020

Petitioner Kenneth Lee Randolph, Jr., a state prisoner presently confined at the State Correctional Institution at Mahanoy in Frackville, Pennsylvania, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254,[1] challenging the legality of his sentence pursuant to *Alleyne v. United States*.[2]  The Court previously dismissed the petition without prejudice as untimely, but permitted Petitioner an additional period of time in which to prevent any argument regarding equitable tolling.  Petitioner has now filed a supplemental brief regarding equitable tolling.[3]

For the reasons discussed below, Petitioner's circumstances do not warrant equitable tolling, and the Court will dismiss the petition with prejudice as time-barred under 28 U.S.C. § 2244(d).

---

[1] Doc. 1.
[2] 570 U.S. 99 (2013).
[3] Doc. 18.

1

**I.   BACKGROUND**

Petitioner was sentenced on various state court convictions on May 10, 2011. He did not file a direct appeal. His conviction thus became final on or about June 9, 2012. On April 5, 2012, petitioner filed a *pro se* motion seeking modification of sentence, which was dismissed as untimely. Then, on September 19, 2012, Petitioner filed a *pro se* PCRA petition, which was dismissed. Petitioner filed a second PCRA petition on October 18, 2018, which was dismissed as untimely and that dismissal was affirmed on appeal. In the affirmance, the Superior Court of Pennsylvania noted that Petitioner would have needed to have filed his PCRA petition by June 9, 2012, in order for it to have been timely.

Petitioner filed his petition for a writ of habeas corpus under 28 U.S.C. § 2254,[4] on November 16, 2018, challenging the legality of his sentence pursuant to *Alleyne v. United States*.[5] Respondents filed an answer raising as an affirmative defense the statute of limitations, arguing that the petition is untimely.[6] After Petitioner filed no reply, the Court determined that the petition was in fact untimely both under 28 U.S.C. § 2244(d)(1)(A), because the petition was filed over a year after his state conviction became final, and under 28 U.S.C. § 2244(d)(1)(C), because the *Alleyne* decision cannot be applied retroactively to cases on collateral

---

[4]   Doc. No. 1.
[5]   570 U.S. 99 (2013).
[6]   Doc. 11. Respondents also argued that *Alleyne* would not even apply to Petitioner's circumstance because he did not receive a mandatory sentence.

review.[7] The Court dismissed the petition without prejudice, but provided Petitioner with an opportunity to advance any arguments regarding equitable tolling that he wished to make.

Petitioner has since filed a supplemental brief regarding the timeliness of his petition.[8] In it, Petitioner argues that his state criminal attorney failed to file the necessary motions to protect and preserve his post-sentencing and appellate rights, and was thus ineffective, and that for some portion of time, he was incarcerated at SCI Camp Hill in a restricted housing unit, where Petitioner did not have access to the law library. In addition, Petitioner references the statute of limitations provided for in § 2244(d)(1)(C); from this reference, the Court presumes that Petitioner believes his petition should be timely based on a newly recognized constitutional right.

## II.   DISCUSSION

As the Court noted in its prior memorandum opinion, AEDPA's one-year limitations period for habeas petitions is subject to equitable tolling in appropriate cases, on a case-by-case basis.[9] A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[10]

---

[7]   *See* Docs. 13, 14.
[8]   Doc. 18.
[9]   560 U.S. 631, 649–50 (2010).  *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013).
[10]  *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  *See also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013).

3

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence.[11] "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well."[12] Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case.[13]

The Court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling.[14] Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."[15]

---

[11] *Holland*, 560 U.S. at 653.

[12] *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted). *See also Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies").

[13] *See Ross*, 712 F.3d at 799; *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

[14] *Holland*, 560 U.S. at 651 (citations omitted). *See also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003).

[15] *LaCava*, 398 F.3d at 275–276. *See also Holland*, 560 U.S. at 648–49 (relying on *Pace*, 544 U.S. at 418); *Jenkins*, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

4

Indeed, extraordinary circumstances have been found only where (a) the respondent has actively misled the petitioner, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim.[16] Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."[17]

The Court has reviewed Petitioner's supplemental brief. First, Petitioner has not pursued his rights diligently. Although Petitioner states that his trial attorney failed to file the necessary motions to preserve his appellate rights, at no point did Petitioner seek to file a direct appeal or file one *nunc pro tunc* after he discovered that his attorney did not file the notice of appeal. In addition, Petitioner could have also filed a timely PCRA petition immediately after he discovered that a direct appeal was not filed, which would have tolled the running of the federal habeas statute of limitations. For whatever reason, he waited until after the time for doing so had expired. Further, Petitioner could have filed his federal habeas petition after

---

[16] *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).
[17] *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

his first PCRA petition was denied, yet he did not. Instead, he waited years to file an untimely second PCRA petition. Although Petitioner has been pursuing his rights, the Court cannot conclude that he has done so diligently.

In addition, Petitioner has not demonstrated the sort of extraordinary circumstances that would warrant equitable tolling. For example, his allegation of attorney neglect in not filing a notice of appeal is a garden variety type of claim and will not suffice for equitable tolling. In addition, although Petitioner states that for some unspecified portion of time he was held in the RHU at SCI Camp Hill and could not access the law library, he does not explain how that would have prevented him from filing a letter notice of appeal or PCRA petition with a request for an extension of time for any supporting legal brief. Because Petitioner has failed to demonstrate either that he has been pursuing his rights diligently or that any extraordinary circumstances existed, the Court will dismiss the Petition with prejudice as untimely.[18]

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a

---

[18] The Court notes that it already addressed Petitioner's argument that his petition as timely based on a newly recognized constitutional right in its prior memorandum opinion, as the *Alleyne* decision is not retroactive to cases on collateral review.

constitutional right."[19] "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[20]

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[21]

Here, jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling. No certificate of appealability shall therefore issue.

## IV. CONCLUSION

For the reasons set forth above, this Court finds that the § 2254 habeas petition should be dismissed with prejudice as untimely under 28 U.S.C. § 2244(d). A certificate of appealability shall not issue. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[19] 28 U.S.C. § 2253(c)(2).
[20] *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted), *cited in United States v. Williams*, 536 F. App'x 169, 171 (3d Cir. 2013).
[21] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).